UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

**DISCOVERY ORDER**

RE:   *Patrick Collins, Inc. v. Doe*
      PWG-12-1294

Fed. R. Civ. P. 26(b)(2)(C) and 26(g)(1)(B)(iii) require that discovery in civil cases be proportional to what is at issue in the case, and require the Court, upon motion or on its own, to limit the frequency or extent of discovery otherwise allowed to ensure that discovery is proportional.  This Discovery Order is issued in furtherance of this obligation.  Having reviewed the pleadings and other relevant docket entries, the Court enters the following Discovery Order that will govern discovery in this case, absent further order of the Court or stipulation by the parties.  This Discovery Order shall be read in conjunction with the Scheduling Order in this case, which provides discovery deadlines.  <u>*With respect to the limitations imposed in paragraphs 2 a & b, 5, 6 and 8, counsel are encouraged to confer and propose to the Court for approval any modifications that are agreeable to all counsel.*</u>

1. ***Disclosure of Damage Claims and Relief Sought.*** Within fourteen (14) days of this Order, any party asserting a claim against another party shall serve on that party and provide to the Court the information required by Fed. R. Civ. P. 26(a)(1)(A)(iii) regarding calculation of damages.  The party also shall include a particularized statement regarding any non-monetary relief sought.  Unless otherwise required by the Scheduling Order, the disclosures required by Fed. R. Civ. P. 26(a)(1)(A)(i), (ii), and (iv) need not be made.

2. ***Scope of Discovery – Proportionality.***   Pursuant to Fed. R. Civ. P. 26(b)(2)(C) and 26(g)(1)(B)(ii)–(iii), the discovery in this case shall be proportional to what is at issue in the case.  To achieve this goal, and pursuant to Fed. R. Civ. P. 26(b)(1), discovery will be conducted in phases, as follows.

   a. ***Phase 1 Discovery.***  The first phase of discovery should focus on the facts that are most important to resolving the case, whether by trial, settlement or dispositive motion.  Accordingly, the parties' Phase 1 Discovery may seek facts that are not privileged or work product protected, and that *are likely to be admissible* under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings.  Phase 1 Discovery is intended to be narrower than the general scope of discovery stated in Rule 26(b)(1) ("discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense," even if not admissible, if "reasonably calculated to lead to the discovery of admissible evidence" (emphasis added)).  Discovery sought during Phase 1 Discovery may not be withheld on the basis that the producing party contends that it is not admissible under the Federal Rules of Evidence, if it otherwise is within the scope of discovery permitted by Rule 26(b)(1), as modified by this Order.  Rather, a party from

whom discovery is sought ("Producing Party") by an adverse party ("Requesting Party") must produce requested Phase 1 Discovery subject to any evidentiary objections, which must be stated with particularity.

    b. ***Phase 2 Discovery.*** Unless the parties stipulate otherwise, the Court, upon a showing of good cause, may permit discovery beyond that obtained under Phase 1 Discovery. In Phase 2 Discovery, the parties may seek discovery of facts that are not privileged or work product protected, are *relevant* to the claims and defenses pleaded or more generally to the subject matter of the litigation, and are not necessarily admissible under the Federal Rules of Evidence, but are likely to lead to the discovery of admissible evidence. A showing of good cause must demonstrate that any additional discovery would be proportional to the issues at stake in the litigation, taking into consideration the costs already incurred during Phase 1 Discovery and the factors stated in Rule 26(b)(2)(C)(i)–(iii). If the Court determines that additional discovery is appropriate, the Requesting Party will be required to show cause why it should not be ordered to pay all or a part of the cost of the additional discovery sought.

3. ***Cooperation During Discovery.*** As required by Discovery Guideline 1 of the Discovery Guidelines for the United States District Court for the District of Maryland, D. Md. Loc. R. App. A (July 1, 2011), http://www.mdd.uscourts.gov/ localrules/LocalRules.pdf, the parties and counsel are expected to work cooperatively during all aspects of discovery to ensure that the costs of discovery are proportional to what is at issue in the case, as more fully explained in *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 357–58 (D. Md. 2009). The failure of a party or counsel to cooperate will be relevant in resolving any discovery disputes, including whether the Court will permit discovery beyond Phase 1 Discovery and, if so, who shall bear the cost of that discovery. Whether a party or counsel has cooperated during discovery also will be relevant in determining whether the Court should impose sanctions in resolving discovery motions.

4. ***Discovery Motions Prohibited Without Pre-Motion Conference with the Court.***

    a. No discovery-related motion may be filed unless the moving party attempted in good faith, but without success, to resolve the dispute and has requested a pre-motion conference with the Court to discuss the dispute and to attempt to resolve it informally. If the Court does not grant the request for a conference, or if the conference fails to resolve the dispute, then upon approval of the Court, a motion may be filed.

    b. Unless otherwise permitted by the Court, discovery-related motions and responses thereto will be filed in letter format and may not exceed five, single-spaced pages, in twelve-point font. Replies will not be filed unless requested by the Court following review of the motion and response.

5. ***Interrogatories.*** Absent order of the Court upon a showing of good cause or stipulation by the parties, Rule 33 interrogatories shall be limited to fifteen (15) in number. Contention interrogatories (in which a party demands to know its adversary's position with respect to claims or defenses asserted by an adversary) may be answered within fourteen (14) days of the discovery cutoff as provided in the Scheduling Order. All other interrogatories will be answered within thirty (30) days of service. Objections to interrogatories will be stated with particularity. Boilerplate objections (e.g., objections without a particularized basis, such as

"overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence"), as well as incomplete or evasive answers, will be treated as a failure to answer pursuant to Fed. R. Civ. P. 37(a)(4).

6. *Requests for Production of Documents.*

   a. Absent order of the Court upon a showing of good cause or stipulation by the parties, Rule 34 requests for production shall be limited to fifteen (15) in number. A response to these requests shall be served within thirty (30) days and any documents shall be produced within thirty (30) days thereafter, absent Court order or stipulation by the parties. Any objections to Rule 34 requests shall be stated with particularity. Boilerplate objections (*see* ¶ 5 above) and evasive or incomplete answers will be deemed to be a refusal to answer pursuant to Rule 37(a)(4).

   b. Requests for production of electronically-stored information (ESI) shall be governed as follows:

      i. Absent an order of the Court upon a showing of good cause or stipulation by the parties, a party from whom ESI has been requested shall not be required to search for responsive ESI:

         *a.* from more than ten (10) key custodians;

         *b.* that was created more than five (5) years before the filing of the lawsuit;

         *c.* from sources that are not reasonably accessible without undue burden or cost; or

         *d.* for more than 160 hours, *inclusive* of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI (whether using properly validated keywords, Boolean searches, computer-assisted or other search methodologies), and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection. The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted. A party from whom ESI has been requested must maintain detailed time records to demonstrate what was done and the time spent doing it, for review by an adversary and the Court, if requested.

      ii. Parties requesting ESI discovery and parties responding to such requests are expected to cooperate in the development of search methodology and criteria to achieve proportionality in ESI discovery, including appropriate use of computer-assisted search methodology.

7. *Duty to Preserve Evidence, Including ESI, that is Relevant to the Issues that Have Been Raised by the Pleadings.*

   a. The parties are under a common-law duty to preserve evidence relevant to the issues raised by the pleadings.

   b. In resolving any issue regarding whether a party has complied with its duty to preserve evidence, including ESI, the Court will consider, *inter alia*:

      i. whether the party under a duty to preserve ("Preserving Party") took measures to comply with the duty to preserve that were both reasonable and proportional to what

was at issue in known or reasonably-anticipated litigation, taking into consideration the factors listed in Fed. R. Civ. P. 26(b)(2)(C);

  ii. whether the failure to preserve evidence was the result of culpable conduct, and if so, the degree of such culpability;

  iii. the relevance of the information that was not preserved;

  iv. the prejudice that the failure to preserve the evidence caused to the Requesting Party;

  v. whether the Requesting Party and Producing Party cooperated with each other regarding the scope of the duty to preserve and the manner in which it was to be accomplished; and

  vi. whether the Requesting Party and Producing Party sought prompt resolution from the Court regarding any disputes relating to the duty to preserve evidence.

8. ***Depositions.*** Absent further order of the Court upon a showing of good cause or stipulation by the parties, depositions of witnesses other than those deposed pursuant to Fed. R. Civ. P. 30(b)(6) shall not exceed four (4) hours. Rule 30(b)(6) depositions shall not exceed seven (7) hours.

9. ***Non-Waiver of Attorney–Client Privilege or Work Product Protection.*** As part of their duty to cooperate during discovery, the parties are expected to discuss whether the costs and burdens of discovery, especially discovery of ESI, may be reduced by entering into a non-waiver agreement pursuant to Fed. R. Evid. 502(e). The parties also should discuss whether to use computer-assisted search methodology to facilitate pre-production review of ESI to identify information that is beyond the scope of discovery because it is attorney–client privileged or work product protected.

In accordance with Fed. R. Evid. 502(d), except when a party intentionally waives attorney–client privilege or work product protection by disclosing such information to an adverse party as provided in Fed. R. Evid. 502(a), the disclosure of attorney–client privileged or work product protected information pursuant to a non-waiver agreement entered into under Fed. R. Evid. 502(e) does not constitute a waiver in this proceeding, or in any other federal or state proceeding. Further, the provisions of Fed. R. Evid. 502(b)(2) are inapplicable to the production of ESI pursuant to an agreement entered into between the parties under Fed. R. Evid. 502(e). However, a party that produces attorney–client privileged or work product protected information to an adverse party under a Rule 502(e) agreement without intending to waive the privilege or protection must promptly notify the adversary that it did not intend a waiver by its disclosure. Any dispute regarding whether the disclosing party has asserted properly the attorney–client privilege or work product protection will be brought promptly to the Court, if the parties are not themselves able to resolve it.

Dated: February 21, 2013            /S/
                         Paul W. Grimm
                         United States District Judge