IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| PATRICK COLLINS, INC., d/b/a ELEGANT ANGEL, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-12-1294 |
| DAVID OSBURN, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

I. **BACKGROUND**

Plaintiff Patrick Collins, Inc., d/b/a Elegant Angel ("Collins") is a California corporation that produces and owns the copyright in pornographic films. Compl. ¶¶ 6–8, ECF No. 1. On April 27, 2012, Plaintiff filed a complaint in this Court against sixty-seven unnamed defendants alleging that they had infringed the copyright in one of Plaintiff's films by downloading copies by means of torrent files over peer-to-peer networks. *Id.* ¶¶ 9–10. Defendant David Osburn originally was identified as Doe 1 associated with the Internet Protocol ("IP") address 108.15.17.74. *See* Am. Compl. ¶ 5, ECF No. 9; Infringement Table, Compl. Ex. A, ECF No. 1-2.

Osburn has contested this litigation aggressively from the start. After receiving notice that Collins had subpoenaed records from his Internet Service Provider ("ISP"), Osburn filed a Motion to Quash taking the position that the mere fact that material was downloaded at his IP address does not mean that Osburn himself infringed any copyrights. Mot. to Quash 2, ECF No.

6. That motion was denied. Order, ECF No. 8. In addition to his answer, Osburn initially filed a counterclaim asserting a count for misuse of copyright as well as seeking declaratory judgment in his own favor, Ans., ECF No. 15, although the counterclaims later were withdrawn, *see* Stipulated Scheduling Order, ECF No. 58, and an answer was filed that did not assert any counterclaims, Answer, ECF No. 60. On February 26, 2013, Osburn filed a consent motion to unseal this case, making his identity as a Defendant a matter of public record, Def.'s Mot. to Unseal File, ECF No. 42, and subsequently he has filed several additional motions, *see, e.g.*, Def.'s Mot. for Default J. or Summ. J., ECF No. 46; Def.'s Mot. for Entry of Protective Order, ECF No. 54.

According to the parties' status report, filed December 12, 2013, discovery was concluded by December 5, 2013. Plaintiff does not appear to have taken any discovery from Defendant with the possible exception of having an expert visit Defendant's home. Status Report 3, ECF No. 67. From the record before me, it appears that Plaintiff did not make any Fed. R. Civ. P. 26(a)(2) expert disclosures, propound any interrogatories or requests for production, or take any depositions. *Id.* at 4–5. In contrast, Defendant retained an expert who prepared a written report, propounded "multiple interrogatories and requests for production of documents," and took three depositions. *Id.*

On December 11, 2013, Collins filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2), essentially stating that it had been unable to reach a settlement with Osburn and simply wished to let this case drop. Pl.'s Mot. to Dismiss, ECF No. 65. Osburn has opposed the Motion to Dismiss, Def.'s Dismiss Opp'n, ECF No. 68, and has filed a Motion for Summary Judgment

in Favor of Defendant, ECF No. 69,[1] with an accompanying memorandum ("Def.'s Summ. J. Mem."), ECF No. 69-1, alleging that Collins lacks any evidence showing that Osburn infringed any copyrights, that Collins has proceeded in bad faith, and therefore that Osburn is entitled to judgment in his favor as well as recovery of the substantial legal fees he has incurred, Def.'s Summ. J. Mem. Both motions are ripe. Although Osburn has requested oral argument on the pending motions, Def.'s Mot. for Oral Argument, ECF No. 73, I have reviewed the filings and find that a hearing is not necessary, Loc. R. 105.6. Accordingly, Defendant's Motion for Oral Argument is DENIED.

## II. STANDARD OF REVIEW

Rule 41(a)(2) provides that, after the opposing party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and that, "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). "The purpose of this rule is 'to allow voluntary dismissals unless the parties will be unfairly prejudiced.'" *Redding v. Ameriprise Auto & Home Ins.*, No. DKC-11-3141, 2012 WL 1268327, at *3 (D. Md. Apr. 13, 2012) (quoting *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citations omitted)). The factors this Court considers in ruling on a Rule 41(a) motion include "'the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as 'the present stage of litigation.'" *Miller v. Terramite Corp.*, 114 F. App'x 536, 539 (4th Cir. 2004)

---

[1] Osburn initially filed his Motion for Summary Judgment on December 12, 2013, ECF No. 66. He then filed a motion that has been docketed as a "Corrected Motion for Summary Judgment" on December 14, 2013, ECF No. 69. The two motions appear substantively identical, and Collins has responded only to the corrected motion. Accordingly, I will summarily DENY the original Motion for Summary Judgment docketed at ECF No. 66 as erroneously filed and will consider only the corrected motion docketed at ECF No. 69.

(quoting *Phillips USA, Inc., v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (internal citations and quotation marks omitted)).

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* "[U]nder Fed. R. Civ. P. 56, as amended in 2010, facts in support of or opposition to a motion for summary judgment need not *be* in admissible form; the requirement is that the party identify facts that *could be* put in admissible form." *Mallik v. Sebelius*, 964 F. Supp. 2d 531, 546 (D. Md. 2013) (citing *Niagara Transformer Corp. v. Baldwin Techs., Inc.*, No. DKC-11-3415, 2013 WL 2919705, at *1 n.1 (D. Md. June 12, 2013)).

## III. DISCUSSION

### A. Plaintiff's Motion to Dismiss

In its Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2), Collins states that although it "believes sufficient evidence exists of Defendant's copying and/or allowing someone to use

4

Defendant's Internet account to make an unauthorized copy of Plaintiff's movie, Plaintiff is willing to accept dismissal with prejudice, with each party bearing its own costs and attorney fees." Pl.'s Mot. to Dismiss ¶ 2. According to Collins, its evidence shows that a user located at Osburn's IP address downloaded a copy of the film in question. *Id.* Collins states that it "offered to settle this matter by [] a complete dismissal with prejudice. **Defendant flat-out refused to agree to a dismissal and since then has engaged in <u>no discussion whatsoever</u> regarding terms he desired to resolve this case.**" *Id.* ¶ 1 (emphasis in original). However, "Plaintiff has determined that the cost of going forward may not justify the damages that might be awarded," *id.* ¶ 6, and therefore simply wishes to "'walk away' with prejudice, with each party bearing its own costs and attorney fees," *id.* ¶ 5.

Osburn has opposed the motion to dismiss, taking a much different view of the facts and claiming that "[t]his litigation was initiated by Plaintiff without a scintilla of evidence against Defendant himself," and that the only evidence was that "someone using Defendant's router" downloaded the film in question. Def.'s Dismiss Opp'n 1. According to Osburn, the lack of good faith on Collins's part is apparent because "Plaintiff did not serve a single interrogatory, request for production of documents, or request for admissions, Plaintiff did not take a single deposition of anyone," and "Plaintiff never even filed or served an expert report" in response to one prepared by Plaintiff's expert. *Id.* at 2.

The crux of Osburn's opposition, however, appears to be his position that:

> As a testament to his innocence, David Osburn refused to buckle under the extortive effect of the threat of identifying him as a defendant in a law suit by a pornographic film company and instead retained counsel to defend himself. The cost of doing so was more than the original demand for settlement, but the loss of principle if he paid the settlement demand was unacceptable to Mr. Osburn.
> Now, after putting Mr. Oburn through the emotional and financial strain of defending himself since the suit was filed in April, 2012, over a year and a half ago, Plaintiff wants a free pass—no costs and no attorney fees.

5

*Id.* at 3.  And although Osburn acknowledges that he received a proposed settlement in August 2013, he protests that was not a serious offer because it did not provide any compensation for Osburn's attorney fees, did not conclusively establish Osburn's lack of liability, and included "an unjustified release of Plaintiff and a restrictive confidentiality provision."  *Id.* at 7.

Although it is apparent that there is considerable animosity between the parties, I find no merit to Osburn's assertions that Collins has pursued this litigation in bad faith.  Collins filed and served a complaint against Osburn because it determined that a copy of one of its films had been downloaded by a computer located at the IP address 108.15.17.74, Am. Compl. Ex. A, ECF No. 9-1, and that that IP address belonged to Osburn, Am. Compl. ¶ 5, facts that Osburn does not deny, *see, e.g.*, Def.'s Dismiss Opp'n 6.  Osburn correctly has noted that this evidence is not conclusive proof that "Defendant did such downloading, was aware that anyone was downloading using his router, or has any idea who did the downloading even now."  Def.'s Dismiss Opp'n 1.  But the Federal Rules of Civil Procedure do not hold pleadings to such an impossibly high standard; plausibility—not conclusiveness—is the standard.  A complaint is supported properly if "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(3).  This requirement "'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories,'" but merely requires that there be "some basis in law to support the claims in the complaint."  *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991).  Osburn would elevate the pleading standard for stating a claim to such an exalted level that very few cases would be able to meet it without extensive pre-filing discovery.

Plaintiff's counsel has appended to the Amended Complaint a certification reciting the details of the investigation that was undertaken on Collins's behalf, Am. Compl. 10–12. And it takes no great imagination to see how evidence that a file was downloaded by a certain IP address could support a plausible claim that the file was downloaded by the subscriber at that IP address. *Cf.* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable . . . ."). Thus it was not improper for Collins to initiate and pursue this suit against Osburn.

Osburn also emphasizes the inherently coercive potential of copyright suits alleging wrongful downloads of pornographic materials. Def.'s Dismiss Opp'n 2–3 (quoting *Ingenuity 13 LLC v. John Doe*, No. 2:12-cv-833-ODW(JCx) (C.D. Cal. May 6, 2013)). Indeed, this Court has recognized the dangers that may attach to such suits and has been active in crafting ways to protect the rights of defendants in Osburn's unenviable position. *See, e.g.*, *Malibu Media v. Doe*, No. JKB-13-3659, 2013 WL 6629042 (D. Md. Dec. 16, 2013) (imposing procedural protections for unnamed defendant and barring copyright plaintiff from initiating settlement negotiations with unrepresented defendants to prevent coercion). But Osburn has not presented any evidence of improper coercion in this case other than the mere fact of the suit itself. Having voluntarily emerged from the anonymity of a sealed complaint, Def.'s Mot. to Unseal, Osburn cannot now claim that Collins was acting for an improper purpose based on "the threat of identifying him as a defendant in a law suit by a pornographic film company." Def.'s Dismiss Opp'n 3. And notwithstanding the multiple adjectives used to characterize Collins's proposed, "complex, draconian, plaintiff-oriented proposed settlement agreement," Def.'s Dismiss Opp'n 7, it is undeniable that Collins offered to dismiss this case without any payments by Osburn, and the clauses to which Osburn so vociferously objects—a confidentiality provision, a mutual release,

and a provision for each party to bear its own fees and costs—are not unusual in settlement agreements. *See* Proposed Settlement Agreement, Def.'s Dismiss Opp'n Ex. 6, ECF No. 68-6. Moreover, when it became clear that Osburn neither would agree to the Proposed Settlement Agreement, nor propose an alternative acceptable to Collins, it filed this motion to dismiss with prejudice rather than attempt to extract concessions from Osburn. Again, this shows no bad faith or impropriety by Collins.

But the crux of Osburn's opposition is his view that allowing Collins to walk away without compensating Osburn for his attorney's fees "would be the height of unfair disposition by the Court and Defendant." Def.'s Dismiss Opp'n 3. When a dismissal is without prejudice, the Court may impose conditions, such as the movant's payment of the opposing party's fees and costs. *See* Fed. R. Civ. P. 41(a)(2). Indeed, costs "should be imposed as a matter of course in most cases" when dismissal is without prejudice. *See Davis v. USX Corp.*, 819 F.2d 1270, 1276 (4th Cir. 1987). But "[o]rdinarily, where a motion for voluntary dismissal is granted *with prejudice*, an award of attorneys' fees is not appropriate because there is no risk that the defendant can 'be called upon again to defend' and thus no risk of 'any duplication of expense.'" *C-Tech Corp. v. Aversion Techs.*, No. DKC-11-983, 2012 WL 3962508, at *8 (D. Md. Sept. 7, 2012) (quoting *Lawrence v. Fuld*, 32 F.R.D. 329, 331 (D. Md. 1963)) (emphasis added). The "two exceptions to this general principle" are "(1) where the case involves 'exceptional circumstances' and (2) where 'there is independent statutory authority for such an award.'" *Id.* (quoting 9 *Wright & Miller* § 2366 (internal quotation marks and citations omitted)). For example, circumstances would be exceptional if the "'plaintiff's suit was . . . unnecessary, groundless, vexatious and oppressive . . . .'" *Nat'l Satellite*, 2000 WL 1717304, at *2 (quoting *Lawrence*, 32 F.R.D. at 332–33).

I already have found that this suit was not brought in bad faith. But Osburn argues that the fact that Collins did not take any discovery shows that it was not seriously pursuing its case while forcing Osburn "to expend large sums of money for attorney fees, attorney time, and travel expenses for depositions, and for preparing and filing pleadings, motions, oppositions, and other filings to defend himself, including defense counsel traveling to Rhode Island and California to take depositions." *Id.* at 2–3.

It is not apparent from the record that Osburn was required to respond to Collins's relative inactivity by conducting multiple depositions 2,500 miles apart, retaining an expert and commissioning a full expert report, and drafting "multiple interrogatories and requests for production of documents," Status Report 4–5, and more economical alternatives, such as telephone depositions, were available. Although it appears that Osburn was responding forcefully to allegations that he considered personally offensive, Osburn's choice to pursue a particularly aggressive defense strategy does not constitute exceptional circumstances sufficient to warrant an attorney's fees award. *See C-Tech Corp.*, 2012 WL 3962508, at *8; *Nat'l Satellite*, 2000 WL 1717304, at *2. And while the Copyright Act grants me discretion to apportion costs or attorney's fees under certain circumstances, 17 U.S.C. § 505, I decline to exercise that discretion here. Dismissal will not be conditioned on Collins's payment of attorney's fees or costs.

"Because district courts ordinarily 'must' grant a plaintiff's request for voluntary dismissal with prejudice and because Defendant[] here [has] not offered any argument that such a dismissal would prejudice [his] rights," Plaintiff's Rule 41(a)(2) motion will be GRANTED, and this case will be DISMISSED WITH PREJUDICE. *See C-Tech Corp.*, 2012 WL 3962508, at *3

### B. Defendant's Motion for Summary Judgment

Also in response to Plaintiff's Motion to Dismiss, Osburn filed a motion for summary judgment arguing that "[i]n the absence of evidence showing that David Osburn did one of the alleged infringing acts himself or was aware of someone using his router to do it and permitted it, Plaintiff has no case whatsoever." Def.'s Summ. J. Mem. 2. Accordingly, Osburn seeks not only "attorney fees and expenses pursuant to 17 U.S.C. § 505 and the inherent power of the Court to compensate him for his unfair expenses," but also judgment in his favor *Id.* at 4.

I already have found that Osburn is not entitled to attorney's fees. And although it is far from clear that summary judgment would be appropriate in any event—Osburn's motion appears to focus more on disputing Collins's factual assertions than demonstrating the lack of any dispute, *see* Def.'s Summ. J. Mem.—there is no need to address the issue because Osburn's motion has been mooted by the dismissal of this case, with prejudice.

Accordingly, Defendant's motion for summary judgment will be DENIED as moot.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Oral Argument, ECF No. 73, will be DENIED; Plaintiff's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2), ECF No. 65, will be GRANTED; and Defendant's Motion for Summary Judgment, ECF No. 69, will be DENIED as moot.

This case will be DISMISSED WITH PREJUDICE, each party to bear its own costs.

A separate order shall issue.

Dated: April 25, 2014                      /S/
                                                                      Paul W. Grimm
                                                                      United States District Judge

dsy